# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

        v.                          CRIMINAL NO. 2004-10230-JLT

CHARLES PATEL, JR.,
        Defendant.

## *ORDER OF DETENTION PENDING TRIAL*

**COLLINGS, U.S.M.J.**

      In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

___ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense)(state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    ___ a crime of violence as defined in 18 U.S. C. §3156(a)(4).
    ___ an offense for which the maximum sentence is life imprisonment or death.
    ___ an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Enforcement Act.
    ___ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

___ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

___ (3) A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

___ (4) Findings Nos (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonable assure the safety of (an)other person(s) and the

community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

| | | |
|---|---|---|
| ___ | (1) | There is probable cause to believe that the defendant has committed an offense. |
| | | ___ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act |
| | | ___ under 18 U.S.C. §924(c). |
| ___ | (2) | The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the safety of the community. |

### Alternative Findings (B)

| | | |
|---|---|---|
| _X_ | (1) | There is a serious risk that the defendant will not appear. |
| ___ | (2) | There is a serious risk that the defendant will endanger the safety of another person or the community if released. |

### Part II - Written Statement of Reasons for Detention

Defendant's counsel proposes release on the condition that the defendant's wife act as third-party custodian and that defendant's sister-in-law post the $150,000 equity in her house to secure the defendants appearance.  I find that there are no conditions or combination of conditions which will reasonably assure the defendant's appearance.

The defendant became a fugitive and forfeited a $20,000 cash deposit in September, 2004 after he was released in this case.  He remained a fugitive until he was arrested earlier this year in Ohio.  During the time he was a fugitive he traveled to Toronto, Ontario, Canada, most likely on false identification documents.

At the detention hearing, it came to light that he was living with his wife at home while he was a fugitive.  It is inconceivable that his wife did not know he was a fugitive during that time since she was visited by the FBI on October 14, 2004.  At that time, they inquired as to the defendant's whereabouts.  She indicated that she did not know his whereabouts but that she would call the FBI if she saw the defendant.  Obviously she never called.

In short, I have no confidence that the defendant's wife would be a responsible third-party custodian and have no confidence that the pledge of the sister-in-law's real estate equity would deter the defendant from again fleeing.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appear.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an

attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

/s/ Robert B. Collings

_____
ROBERT B. COLLINGS
United States Magistrate Judge

Dated: June 29, 2006.