## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Criminal No. 04-10230-JTL** |
| ) | |
| **CHARLES PATEL, JR.** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S *ASSENTED* TO MOTION TO CONTINUE
## FINAL STATUS CONFERENCE 30 DAYS

Now comes the defendant, Charles Patel, Jr. (Patel), by his attorney, Robert L. Peabody, Esq. of Nystrom, Beckman, & Paris, and respectfully moves this Honorable Court to continue the Final Status Conference, currently scheduled for Thursday, September 7, 2006 and held pursuant to Local Rule 116.5©, for a period of thirty (30) days or until a date in early October 2006.[1]  In support of the motion, counsel for Patel sets forth the following reasons why a continuance is needed.

**Competency issue**

In light of evidence that came to light during detention proceedings that Patel had been treated in California by Dr. William Riley for dementia and Alzheimer related symptoms in 2004, counsel is concerned that an informed decision by defendant to resolve this case by either trial or plea cannot be made until the issue of Patel's competency is resolved. To that end, counsel privately retained the services of Dr. Jerome Rogoff, M.D. in mid July 2006 to conduct a competency evaluation of Patel. To date, Dr. Rogoff has reviewed medical data and other information about Patel – obtained from Dr. Riley and others – and conducted a face to face interview with Patel at then holding

---

[1] Should the Court allow Patel's motion, he asks that the Court to permit the filing of substantive/non-discovery motions the day before a subsequent Final Status Conference date.

facility.  Dr. Rogoff is currently preparing a written report of his findings but it has not

been completed. Counsel expects to have Dr. Rogoff's report in the next few weeks and

if it raises competency issues, counsel anticipated he will move the Court, pursuant to 18

U.S.C. §4241(a) and Fed. R. Crim. P. 12.2(c) (1) (A), for a hearing to determine the

mental capacity of the defendant.[2]

**Expert witness**

The bank fraud scheme charged in the Patel Indictment concerns two check kiting

schemes involving five different banks allegedly perpetrated by Patel between January

and February 1999 and, later, between May and November 1999. The government's case

against Patel is based upon on large numbers of bank records, primarily cancelled checks

and bank statements, generated during these periods that document multiple deposits and

withdrawals from these accounts as well as an FBI financial analyst's assessment/

opinion why he believes that the multiple deposits and withdrawals that occurred during

these periods to and from the various Patel bank accounts was fraudulent/illegal check

kiting and not, simply, a commercial account holder inadvertently bouncing checks.

To better understand and test the FBI's "expert" opinion and examine the factual

basis supporting that opinion, Patel has needed to retain his own expert, Catherine

Parente, a forensic accountant based in Providence, Rhode Island. Since the

government's case against Patel is, essentially, a circumstantial case, Parent's expertise

and assistance is critical in helping counsel understand the government expert's opinion,

probe the factual basis of that opinion and, if possible, undermine it. Parente's

involvement will also assist counsel formulate potential defenses to these charges. To

---

[2] The filing of a competency motion need not delay the case from being referred to the District Judge, however, Dr. Rogoff's findings will figure in Patel decision to resolve the matter by plea or after trial.

date, Parente has begun her review of the underlying records in defendant's possession and the FBI's opinion but needs additional time to complete her work and, thereafter, advise counsel of her conclusions.

**Discovery**

At the Initial Status Conference in June, the Court set July 31, 2006 as the deadline for Patel to serve the government with a discovery letter requesting discovery outside of the automatic discovery requirements of Local Rule 116.1©.  Counsel conferred with AUSA Bookbinder, the prosecutor, before July 31, 2006 to identify what additional documents, records, and other discovery was in the government's possession and whether it was available to Patel.  The government explained what other discovery it had and agreed to provide Patel with, essentially, whatever discovery he was lacking, including additional bank records and statements and witness statements.[3]  At this writing, counsel has already received FBI 302s of witness interviews from the government and has identified the additional discovery that it lacks and that he expects to collect from the government in the next week – specifically more bank records.[4]

---

[3] Patel received 2 boxes of documents from predecessor counsel in May 2006.  However after reviewing and organizing this material, there are other bank records relating to the May through November 1999 period that he does <u>not</u> yet have but which the government has agreed to make available to him for copying. These documents are also of significance to Patel's expert, Catherine Parente, because, as with the allegations in Count One, she needs to analyze them to determine whether bank activity described in Count Two was indicative of bank fraud/check kiting activity or the inadvertent bouncing of checks.

[4]  Another factor impacting Patel's decision whether to dispose of this case by plea or trial involves Patel's immigration status and the consequences a conviction would have on Patel's immigration status in the United States – he is a permanent resident alien, not a naturalized citizen. Since Patel faced deportation in the wake of his Central District of Illinois conviction, Patel may well face the same fate if convicted in this case. The additional requested time allows counsel the opportunity to secure a more definite answer on this topic.

**Conclusion**

Counsel for Patel respectfully asks this Court for an additional month to complete the tasks outlined above and so that Patel can apprize the Court how he expects to resolve the charges against him. The additional time will allow counsel to secure and review the remaining bank records from the government with the assistance of Patel's forensic accountant and assess whether there are defenses or not. Likewise, the additional time counsel will permit Dr. Rogoff to complete his competency evaluation and, if necessary, permit Patel to file the appropriate motion.

The government (AUSA Adam Bookbinder) was consulted about Patel's Motion to continue the Final Status Conference date thirty (30) days and <u>assents</u> to this motion.

Respectfully submitted,

**CHARLES PATEL, JR.**
by his attorney,

<u>**s/ Robert L. Peabody**</u>
Robert L. Peabody
BBO No. 551936
Nystrom, Beckman, & Paris
10 St. James Avenue, 16th floor
Boston, MA 02116
617 778-9103

Dated: September 3, 2006