UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal No. 04-10230-JTL |
| ) | |
| CHARLES PATEL, JR. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT CHARLES PATEL'S SENTENCING MEMORANDUM**

Defendant Charles Patel (Patel) respectfully submits his Sentencing Memorandum to the Court in anticipation of Patel's upcoming Fed. R. Crim. P. 11 change of plea currently scheduled for Monday, January 14, 2008 at 2:00 P.M. Thereafter, Patel respectfully moves the Court to proceed to sentencing following his change of plea and without the benefit of a pre-sentence report. See Fed. R. Crim. P. 32 (c) (1) (A) (ii).

Patel is prepared to offer guilty pleas to both counts of the two count Indictment charging him with Bank Fraud, pursuant to 18 U.S.C. §1344(1). Thereafter, Patel asks the Court to sentence Patel to a sentence of "time served," a one (1) year period of supervised release, restitution of $80,404, and a special assessment of $300.

**1.      Plea Agreement and Sentencing Guidelines**

Fed. R. Crim. P. 32 (c) (1) (A) (ii) provides that the probation department must conduct a presentence investigation and submit a report to the Court before it imposes a sentence unless:

> (ii) the Court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. §3553, and the Court explains its findings on the record.[1]

---

[1] In the event the Probation Department recommends that a presentence report of Patel be conducted, the government has graciously agreed to consent to the release of Patel pending sentencing 10 to 12 weeks out

In this case, Patel and the United States (the government) have negotiated a Plea Agreement, a copy of which is attached as *Attachment A*. The parties agree as to the Sentencing Guideline calculation: an Adjusted Offense Level, with Acceptance of Responsibility (U.S.S.G. §3E1.1), of **Level 17** and a Criminal History Category of **II** or a Guideline sentencing range of **27 to 33 months**.[2] Moreover, the government has agreed to recommend the <u>low</u> end of the Guideline range, 27 months.

As of January 14, 2008, Patel will have served 645 days or 21.5 months in custody in this case. He would also be otherwise entitled to four (4) months "good time" deducted from a 27 month sentence. As such, Patel is eligible for release after serving 23 months in custody. With just six (6) weeks remaining before Patel would be released from custody anyway, it makes sense to resolve the matter expeditiously, sentence Patel to "time served," and release him from custody.

**2.      18 U.S.C. §3553 (a) – Sentencing factors**

Under the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer binding on the Court. Indeed, in <u>Kimbrough v. United States</u>, 128 S. Ct. 558, 564 (2007), the Court reaffirmed that Guideline sentencing ranges are merely advisory and that the court must include the Guideline range as but one factor warranting sentencing consideration.

---

and considering that more than 23 months will have elapsed by then. Notwithstanding, Patel believes that a presentence report is not necessary in this case in view of the amount of time Patel has served to date.

[2] Under the 1998 Sentencing Guidelines in effect at the time Patel committed the instant offenses, Patel earns the following: a Base Offense Level of 6 for committing bank fraud; plus 7 levels because $170,000 was at issue; plus 2 levels because the offense involved more than minimal planning; plus 3 levels because the crimes was committed while on pretrial release; plus 2 levels for obstructing justice, minus 3 levels for Acceptance or an Adjusted Offense Level of 17.

Instead, the Court should look to 18 U.S.C. §3553 (a) and impose a sentence that is "sufficient but not greater than necessary" to achieve the four (4) purposes of the statute. In other words, a sentence that: (A) reflects the seriousness of the offense…and provides a just punishment; (B) affords adequate deterrence to criminal conduct; (C) protects the public from further crimes of the defendant; and (D) provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

3.     **Patel's current health urges a "time served" sentence**

Dr. Aaron Kesselheim, M.D., an Internist and attending physician at Brigham and Women's Hospital in Boston, MA was retained to evaluate Patel's current medical health in anticipation of his January 14, 2008 plea and sentencing. A written report prepared by Dr. Kesselheim, dated January 9, 2008, is attached as *Attachment B* setting forth Dr. Kesselheim's evaluation and findings concerning Patel's physical health.

The report indicates that Patel suffers from a variety of ailments and is "only in fair general health." Dr. Kesselheim reports further that while Patel has been incarcerated "his health care has been sub-optimally managed" and that "continuing current management could contribute to worsening morbidity or morality in the future." In particular, Patel suffers from Diabetes that is "inadequately controlled" and has caused diabetic retinopathy (blindness in Patel's right eye) and neuropathy (leg pain) since he has been in custody. According to Dr. Kesselheim, Patel also suffers from hypertension and chronic kidney disease, specifically, nephropathy, a condition where Patel's kidney function is well below normal – Patel's serum levels measure 35 when normal levels should be > 93. To best address these conditions, Dr. Kesselheim recommends that

proper coordination of medication, tests, and treatment of Patel can best be accomplished "outside of his current incarcerated setting."

Based on Dr. Kesselheim's medical assessment of Patel's health, there is sufficient information before the Court to satisfy §3553 (a) (2) (D) and justifies a sentence of "time served."[3]

**4.    Patel's health warrants departure pursuant to U.S.S.G. §5H1.4**

In the alternative, Patel respectfully asks the Court, pursuant to U.S.S.G. §5H1.4, *Physical Condition* (1998 Manual), to depart *downward* two (2) levels from Level 17 to Level 15 -- a sentencing range of 21 to 27 months -- and sentence Patel to 21 months or "time served."  Patel's current health and the pressing medical need to better monitor and treat Patel's chronic kidney and diabetic conditions support a Guideline departure based upon the *Physical Condition* provision of U.S.S.G. §5H1.4.

---

[3] Having already served 21.5 months of a 27 month sentence (23 month sentence with good time reduction), a sentence of "time served" in this case, Patel contends, fairly represents the seriousness of the instant offense, a just and fair punishment, an adequate deterrence, and public protection from the commission of further crimes by the defendant, especially, considering his age (58) and poor health.

**5.**    **Conclusion**

Based upon the foregoing, Patel respectfully urges the Court to sentence him to "time served" in addition to the other sentence factors described above.

        Respectfully submitted,

        **CHARLES PATEL, JR.**
        By his attorney,

        **s/ Robert L. Peabody**
        Robert L. Peabody
        BBO No. 551936
        Nystrom, Beckman, & Paris
        10 St. James Avenue, 16th floor
        Boston, MA 02116
        617 778-9103

Dated: January 10, 2008

CERTIFICATE OF SERVICE

I, Robert L. Peabody, pursuant to Local Rules 5.2 (b) and 5.4 (c), hereby certify that a true copy of the above document was served on Assistant U.S. Attorney Adam J. Bookbinder by electronic means on January 10, 2008.

        s/ Robert L. Peabody