

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

January 10, 2008

Robert L. Peabody, Esq
Nystrom Beckman & Paris, LLP
10 St. James Avenue, 16th Floor
Boston, MA 02116

    Re:    <u>United States v. Charles Patel, Jr.</u>
               **Criminal No.04-10230**

Dear Mr. Peabody:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Charles Patel, Jr. ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall plead guilty to both counts in the above-captioned Indictment. Defendant expressly and unequivocally admits that he committed the crimes charged in the Indictment; did so knowingly and willfully; and is in fact guilty of those offenses.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties on each count:

- 30 years in prison
- $1,000,000 fine
- 5 years supervised release
- $100 special assessment
- $80,514 in restitution
- Forfeiture to the extent charged in the Indictment.

The defendant also faces an additional maximum sentence of 10 years in prison (under 18

U.S.C. §3147), consecutive to any other sentence he receives, for committing an offense while on pre-trial release.

Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

3.  Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing court, subject to the statutory and maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will jointly take the following position at sentencing with respect to the application of the Sentencing Guidelines:

The 1998 manual applies to this sentencing, because it is more favorable to Defendant than the current manual. Under that manual, Patel's sentencing guidelines are:

| | |
|---|---|
| Base – 2F1.1(a) | 6 |
| Loss between $120,000 and $200,000 – 2F1.1(b)(1)(H) | +7 |
| More than minimal planning – 2F1.1(b)(2)(A) | +2 |
| Crime while on pretrial release – 18 U.S.C. § 3147, U.S.S.G. § 2J1.7. | +3 |
| Obstruction of justice – 3C1.1 | +2 |
| Total | 20 |

The U.S. Attorney and Defendant agree that there is no basis for a departure from the Sentencing Guidelines or for a sentence outside the Guidelines under the factors set forth in 18 U.S.C.§ 3553(a), except as explicitly reserved below. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure from the Sentencing Guidelines or a sentence outside the Guidelines, except under the conditions explicitly set forth below.

Defendant reserves the right to request a departure from the Guidelines or a sentence outside the Guidelines based on his mental and physical health and based on the argument that the loss in

this case overstates the seriousness of the offense.

The U.S. Attorney reserves the right to oppose Defendant's argument(s) for a departure or a sentence outside the Guidelines under the factors set forth in 18 U.S.C.§ 3553(a).

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to USSG §4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the U.S. Attorney may contend that an upward departure under §4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

In the event Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Sentencing Guideline range based on his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in his possession. In addition, Defendant will authorize his care providers to discuss his condition with the U.S. Attorney and his agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under USSG §3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant

        is accountable under USSG §1B1.3;

(f)     Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(g)     Intentionally fails to appear in Court or violates any condition of release;

(h)     Commits a crime;

(i)     Transfers any asset protected under any provision of this Agreement; and/or

(j)     Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after date of this Agreement.

4.     <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a)     Incarceration at the low end of the Guideline range as determined by the District Court;

(b)     A fine within the Guideline range, unless the court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)     $80,404 in restitution;

(d)     Mandatory special assessment;

(e)     Supervised release;

(f)     Forfeiture.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney

at least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.  Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.  Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

(1) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000;

(2) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $5,000 per month; and

(3) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine and/or restitution ordered by the Court at sentencing are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7.  Waiver of Rights to Appeal and to Bring Collateral Challenge

a.  Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence on direct appeal. Defendant also understands that he may, in some circumstances, be able to argue that his conviction and/or sentence should be set aside or reduced in a collateral challenge, such as pursuant to a motion under 28 U.S.C. §2255 or 18 U.S.C. §3582(c).

   b.  The Defendant waives any right he has to challenge his conviction on direct appeal or in collateral challenge.

   c.  Defendant agrees that he will not file a direct appeal nor collaterally challenge any imprisonment sentence of 27 months or less. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement

   d.  This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. §3742(b). Defendant expressly acknowledges that he understands the U.S. Attorney has retained his appeal rights.

  8.  Other Post-sentence Events

   a.  In the event that, notwithstanding the waiver provision of ¶7, Defendant appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the district court (in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in ¶7).

   b.  If, notwithstanding the waiver provision of ¶7, the Defendant seeks re-sentencing, he agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of the Defendant's original sentencing. Thus, for example, the Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing.

   c.  In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this agreement.

  9.  Court Not Bound by Agreement

  The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

10. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph 1 of this Agreement.

11. Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12. Forfeiture

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A) as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

Defendant admits that he obtained $80,404 as proceeds of his bank fraud scheme and he agrees that these proceeds are subject to forfeiture.

Defendant agrees to assist law enforcement agents and government attorneys in locating, liquidating, recovering, returning to the United States, and forfeiting all forfeitable assets, wherever located, and in whatever names the assets may be held. Defendant shall promptly take whatever steps are deemed necessary by the U.S. Attorney to transfer possession of, and clear title to, all forfeitable assets to the United States. Such steps may include, but are not limited to, executing and surrendering all title documents, and signing consent decrees of forfeiture, deeds, sworn statements relating the factual bases for forfeiture, and any other documents deemed necessary by the U.S. Attorney to complete the criminal, civil, or administrative forfeiture proceedings which may be brought against the assets identified in this section and against any other forfeitable assets involved in or related to any of the criminal acts charged in the indictment.

Defendant hereby acknowledges and agrees that the United States is not limited to forfeiture of the assets specifically listed in this section. If the U.S. Attorney determines that any directly forfeitable assets of Defendant cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, then the United States shall be entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the directly forfeitable assets fitting any of the categories described in this sentence.

In order to assist the United States in locating and forfeiting directly forfeitable and substitute

assets, Defendant shall deliver to the U.S. Attorney within thirty days after signing this Agreement a sworn financial statement, executed under the pains and penalties of perjury, fully and truthfully disclosing the existence, nature and location of all assets in which Defendant currently has any legal or beneficial interest, and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from January 1, 1999 to the present. At the request of the U.S. Attorney, Defendant further agrees to be deposed with respect to Defendant's assets.

Forfeiture of substitute assets shall not be deemed an alteration of Defendant's sentence. The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Defendant, nor shall the forfeitures be used to offset Defendant's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

Defendant hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

13.     Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

14. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Adam Bookbinder.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*
LAURA J. KAPLAN, Chief
Violent & Organized Crime Section

9

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Charles Patel, Jr.
Defendant

Date: 1/18/08

I certify that Charles Patel, Jr. has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Robert Peabody, Esq.
Attorney for Defendant

Date: 1/18/08